IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DATRIN FELTS,<br>    Petitioner | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| FRANKLIN TENNIS,<br>    Respondents | : | NO. 07-2035 |

## REPORT AND RECOMMENDATION

LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE

Now pending before this court is a petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, by a petitioner currently incarcerated in the State Correctional Institution at Rockview, in Bellefonte, Pennsylvania. For the reasons which follow, it is recommended that the petition be DENIED and DISMISSED.

I.   PROCEDURAL HISTORY

On July 18, 2003, following a bench trial before the Honorable Albert J. Snite, Jr., petitioner was convicted of two counts of robbery, carrying a firearm without a license, carrying a firearm on a public street in Philadelphia, three counts of theft, three counts of receiving stolen property, possessing an instrument of crime, simple assault, and conspiracy. Specifically, petitioner and his co-conspirators were convicted of robbing three pedestrians at gun point. On September 19, 2003, petitioner was sentenced to an aggregate term of six to twelve years of imprisonment.

Petitioner failed to file a direct appeal.

On April 26, 2004, petitioner filed a petition under the Post Conviction Relief Act

1

(PCRA), 42 Pa.C.S. § 9541, et seq. The court appointed counsel, who then filed a no merit letter in compliance with <u>Commonwealth v. Finley</u>, 550 A.2d 213 (Pa.Super. 1998). On June 28, 2005, petitioner filed for an extension of time to respond to counsel's no merit letter. Petitioner failed to file a response. On September 6, 2005, the PCRA court dismissed the petition.

Petitioner filed a notice of appeal to the Superior Court. The PCRA court filed an opinion outlining its reasons for denying the PCRA petition without a hearing. The Superior Court denied petitioner's appeal. Petitioner did not file a request for allowance of appeal to the Pennsylvania Supreme Court.

On May 18, 2007, petitioner filed the instant petition seeking habeas corpus relief claiming:

(1) Ineffective assistance of trial counsel for failing to move to suppress the suggestive identification of petitioner, and for failing to challenge the false recitals in the statement of probable cause for petitioner's arrest;

(2) Trial court violated petitioner's confrontation clause rights by admitting a cell phone into evidence through an officer who did not recover the phone;

(3) Ineffective assistance of trial counsel for failing to assert petitioner's confrontation clause rights with regard to an alleged victim-witness who did not appear at trial;

(4) The PCRA court erred in finding petitioner's claim that counsel was ineffective for advising petitioner to stipulate to a plea to the charge of carrying a firearm on a public street without a license was waived;

(5) Petitioner was constructively deprived of counsel: when trial counsel refused to file a notice of appeal; when the trial court denied petitioner the opportunity to obtain counsel of choice; when trial counsel advised petitioner to waive his right to a jury trial; when trial counsel failed to object to hearsay by Eric

2

Wallace; when trial counsel failed to object to questions to Eric Wallace based on speculation; when trial counsel failed to object to hearsay from Linda Weiss; when trial counsel failed to object when the judge interrupted and influenced the content of Linda Weiss' testimony; and

(6) Newly-discovered evidence which proves that the $100 bill recovered from petitioner during the search was not taken from the victim, but rather petitioner received the $100 bill as payment for working for his uncle.

Respondents contend that petitioner's claims are procedurally defaulted, as the claims were not properly presented to the state courts and cannot be presented there now. We agree that procedural default is established as discussed hereafter, and thus find the petition for Writ of Habeas Corpus should be dismissed in its entirety.

II.     PROCEDURAL DEFAULT

Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999). A petitioner is not deemed to have exhausted the remedies available to him if he has a right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c) (1994); Castille v. Peoples, 489 U.S. 346, 350, 109 S. Ct. 1056, 1059, rch'g denied, 490 U.S. 1076, 109 S. Ct. 2091 (1989). In other words, a petitioner must invoke "one complete round of the state's established appellate review process," in order to exhaust his remedies. O'Sullivan, 526 U.S. at 845. A habeas petitioner retains the burden of showing that all of the claims alleged have been "fairly presented" to the state courts, which burden demands, in turn, that the claims brought in federal court be the "substantial equivalent" of those presented to the state courts. Santana v. Fenton, 685 F.2d 71, 73-74 (3rd Cir. 1982), cert. denied, 459 U.S. 1115,

3

103 S. Ct. 750 (1983). In the case of an unexhausted petition, the federal courts should dismiss without prejudice, otherwise they risk depriving the state courts of the "opportunity to correct their own errors, if any." Toulson v. Beyer, 987 F.2d 984, 989 (3rd Cir. 1993).

However, "[i]f [a] petitioner failed to exhaust state remedies and the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred...there is procedural default for the purpose of federal habeas..." Coleman v. Thompson, 501 U.S. 722, 735 n.1, 111 S. Ct. 2546, reh'g denied, 501 U.S. 1277, 112 S. Ct. 27 (1991);McCandless v. Vaughn, 172 f.3d 255, 260 (3rd Cir. 1999). The procedural default barrier also precludes federal courts from reviewing a state petitioner's federal claims if the state court decision is based on a violation of state procedural law that is independent of the federal question and adequate to support the judgment. Coleman, 501 U.S. at 729. "In the context of direct review of a state court judgment, [this] doctrine is jurisdictional... [because] this Court has no power to review a state law determination that is sufficient to support the judgment." Id. "In the absence of [the procedural default doctrine] in federal habeas, habeas petitioners would be able to avoid the exhaustion doctrine by defaulting their federal claims in state court." Id., at 732.

As noted above, respondents contend that petitioner's claims were never properly exhausted in state court and petitioner can no longer bring these claims in state court, hence the claims are procedurally defaulted. In the event a petitioner brings claims which are procedurally defaulted, he is not entitled to federal habeas review unless he can show that his default should be excused. Such excuse is allowed only where the petitioner can show "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure

4

to consider the claims would result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

Petitioner's first claim is that trial counsel was ineffective for failing to file a suppression motion to suppress the suggestive identification of petitioner and for failing to challenge the false recitals in the statement of probable cause for petitioner's arrest. Petitioner did raise this claim in his PCRA petition but then failed to raise it in the Superior Court appeal. In petitioner's Superior Court appeal, petitioner raised a claim of ineffective assistance of PCRA counsel for failing to file an amended PCRA petition, and, failing to elaborate upon trial counsel's ineffectiveness. Petitioner never raised trial counsel's ineffectiveness in the Superior Court appeal. Petitioner was required to present this claim to the Superior Court in order to complete one round of the state's established appellate review process. Consequently, petitioner failed to exhaust this claim. Petitioner, however, no longer has any procedural means to raise this claim in the state courts because he has already filed a PCRA petition, and his conviction became final more than a year ago. Hence, petitioner's first claim is procedurally defaulted. As a result, petitioner's first claim is dismissed without consideration on the merits.

Petitioner's second claim is that the trial court violated petitioner's confrontation clause rights by admitting a cell phone into evidence through an officer who did not recover the phone. In petitioner's memorandum of law, he also asserts a claim that trial counsel was ineffective for failing to object to trial court error. Petitioner has not exhausted either portion of this claim. In petitioner's PCRA appeal to the Superior Court, petitioner did claim that PCRA counsel was ineffective for failing to raise a claim of trial counsel's ineffectiveness for not objecting to the trial court error. However, petitioner never raised the claim of trial court error or

5

trial counsel's ineffectiveness in the PCRA court or the Superior Court. Petitioner no longer has any procedural means to raise this claim in the state courts. Hence, petitioner's second claim is procedurally defaulted. As a result, petitioner's second claim is dismissed without consideration on the merits.

Petitioner's third claim is that trial counsel was ineffective for failing to assert petitioner's confrontation clause rights with regard to an alleged victim-witness who did not appear at trial. Once again petitioner only raised this as a PCRA counsel ineffectiveness claim in the Superior Court asserting that PCRA counsel should have raised trial counsel's ineffectiveness. Petitioner never raised this claim of trial counsel's ineffectiveness in his PCRA petition or his PCRA appeal to the Superior Court. This claim in now procedurally defaulted because petitioner can no longer return to state court to raise this claim. Hence, petitioner's third claim is dismissed without consideration on the merits.

Petitioner's fourth claim is that trial counsel was ineffective for advising petitioner to stipulate to a plea to the charge of carrying a firearm on a public street without a license. Petitioner did not raise this claim in his PCRA petition or the Superior Court appeal. The only time petitioner discussed this claim was in the argument section of his Superior Court brief. The Superior Court found that the claim was waived because petitioner was required to raise the claim in the statement of questions and failed to do so. Petitioner has failed to exhaust this claim and petitioner is not able to return to state court to exhaust it, so the claim is now procedurally defaulted. Consequently, petitioner's fourth claim is dismissed without review as procedurally defaulted.

Petitioner's fifth and sixth claims are procedurally similar so we will discuss them

together. Petitioner's fifth claim is actually a myriad of claims all relating to petitioner's claim that he was deprived counsel. Petitioner's sixth claim is one of newly discovered evidence. Petitioner claims that the $100 bill that was found on petitioner and that the prosecution claimed was stolen from the victim was actually payment from his uncle and that petitioner now has a receipt to prove it. Petitioner claims that the receipt is the newly discovered evidence. Petitioner did not raise these claims in the state court until a PCRA petition that petitioner recently filed which is still pending in the PCRA court. These claims were not properly exhausted and are now procedurally defaulted.

Petitioner claims there is cause for the default. Petitioner requests the court grant a "stay and abeyance" while petitioner returns to the PCRA court to litigate the issues in which petitioner claims he was deprived of counsel and the issue of the newly discovered evidence. Petitioner claims that because of the newly discovered evidence the currently pending PCRA petition is not time-barred. The stay and abeyance procedure is not appropriate here. The stay and abeyance procedure requires a "mixed petition." Petitioner's petition is not a "mixed petition," involving both unexhausted and exhausted claims, as required in Rhines v. Weber, 544 U.S. 269, 271 (2005). Rather, petitioner claims are all procedurally defaulted.

A mixed petition must be dismissed in its entirety without prejudice in order to give the petitioner an opportunity to present the unexhausted claims to the state courts. Rhines, 544 U.S. at 274. However, if a petitioner filed a mixed petition within AEDPA's one-year limitations period, but the period expired during the pendency of the petition in federal court, then dismissing the mixed petition without prejudice will effectuate a dismissal with prejudice because the petitioner will be time-barred from presenting any newly exhausted claim in a new

habeas petition. *See* Rhines, 544 U.S. at 275. If this situation occurs, the court has limited discretion to stay the habeas proceeding in order for petitioner to satisfy the exhaustion requirement without precluding further federal habeas review. Rhines, 544 U.S. at 277-78.

The purpose of stay and abeyance is to allow petitioner to return to state court and exhaust the available remedies, so as to, avoid having a petition dismissed as a mixed petition. The stay and abeyance procedure is only appropriate when the petitioner "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines, 544 U.S. at 278.

Here, petitioner does not have a mixed petition or unexhausted claims. Petitioner's fifth and sixth claims are both procedurally defaulted. The newly discovered evidence that petitioner claims will excuse his untimeliness in the PCRA court is not newly discovered. Petitioner claims that he now has a receipt proving that the $100 bill found on his person was actually payment from his uncle and not stolen from the victim. Petitioner would have been aware of that fact at the time of trial. Petitioner failed to raise this issue, or the issues of petitioner's deprivation of counsel in his state court appeals. Petitioner is now precluded from doing so because the time in which petitioner could file a PCRA petition has run, hence petitioner's currently pending PCRA petition is time-barred and these claims are procedurally defaulted. A stay and abeyance would be inappropriate here because the very nature of procedurally defaulted claims makes proper exhaustion impossible. Hence, the rationale for a stay and abeyance is absent. As such, we must dismiss petitioner's habeas petition in its entirety.

8

Therefore, I make the following:

## RECOMMENDATION

AND NOW, this 19th day of December, 2007, IT IS RESPECTFULLY RECOMMENDED that the Petition for Writ of Habeas Corpus be DENIED and DISMISSED. It is also RECOMMENDED that a certificate of appealability not be granted.

The petitioner may file objections to this Report and Recommendation. See Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DATRIN FELTS,<br>      Petitioner | : | CIVIL ACTION |
| | : | |
| FRANKLIN TENNIS,<br>      Respondents | : | NO. 07-2035 |

## ORDER

MICHAEL M. BAYLSON, J.

      AND NOW, this _____ day of _____, 2007, upon careful and independent consideration of the petition for Writ of *Habeas Corpus*, and after review of the Report and Recommendation of United States Magistrate Judge Linda K. Caracappa, IT IS ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED.
2. The petition for Writ of *Habeas Corpus* is DENIED with prejudice.
3. There is no probable cause to issue a certificate of appealability.
4. The Clerk of the Court shall mark this case closed for statistical purposes.

                                        BY THE COURT:

                                        _____
                                        MICHAEL M. BAYLSON, J.