IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DATRIN FELTS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| FRANKLIN TENNIS, et al. | : | No. 07-2035 |

**MEMORANDUM**

**Baylson, J.**                                                                                                 **July 30, 2008**

**I.     Introduction**

Petitioner, Datrin Felts, filed a federal Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. The undersigned referred the case to Magistrate Judge Linda K. Caracappa for a Report and Recommendation ("R&R") on the merits. Magistrate Judge Caracappa filed her R&R (Doc. No. 13) on December 20, 2007, and presently before the Court are Petitioner's Objections to the R&R (Doc. No. 14), which he timely filed on January 4, 2008.

Upon independent and thorough review, and for the reasons stated below, this Court denies Petitioner's objections and accepts Magistrate Judge Caracappa's R&R.

**II.    Background and Procedural History**

According to the record before the Court, Petitioner was convicted on July 18, 2003, in Philadelphia County, of two counts of robbery, carrying a firearm without a license, carrying a firearm on a public street in Philadelphia, three counts of theft, three counts of receiving stolen property, possessing an instrument of crime, simple assault, and conspiracy. On September 19,

2003, Judge Albert J. Snite, Jr. sentenced Petitioner to an aggregate term of six to twelve years imprisonment.  Petitioner did not appeal his conviction.

On April 26, 2004, Petitioner filed a petition pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA").  The court-appointed counsel filed a "no merit" letter, and on June 28, 2005, Petitioner filed for an extension of time to respond to the letter, but never filed a response.  Consequently, on September 6, 2005, the PCRA court dismissed the petition without a hearing.  Petitioner appealed the decision of the PCRA court, and the Pennsylvania Superior Court affirmed the PCRA court's decision.

Petitioner filed the instant Petition for Writ of Habeas Corpus (Doc. No. 1), making the following claims (hereinafter "Claim 1," "Claim 2," etc.):

> 1) Ineffective assistance of trial counsel for failing to move to suppress the suggestive identification of petitioner, and for failing to challenge the false recitals in the statement of probable cause for petitioner's arrest;
>
> 2) Trial court violated petitioner's confrontation clause rights by admitting a cell phone into evidence through an officer who did not recover the phone;
>
> 3) Ineffective assistance of trial counsel for failing to assert petitioner's confrontation clause rights with regard to an alleged victim-witness who did not appear at trial;
>
> 4) The PCRA court erred in finding petitioner's claim that counsel was ineffective for advising petitioner to stipulate to a plea to the charge of carrying a firearm on a public street without a license was waived;
>
> 5) Petitioner was constructively deprived of counsel: when trial counsel refused to file a notice of appeal; when the trial court denied petitioner the opportunity to obtain counsel of choice; when trial counsel advised petitioner to waive his right to a jury trial; when trial counsel failed to object to hearsay by Eric Wallace; when trial counsel failed to object to questions to Eric Wallace based on speculation; when trial

>    counsel failed to object to hearsay from Linda Weiss; when trial counsel
>    failed to object when the judge interrupted and influenced the content of
>    Linda Weiss' testimony; and
>
>    6)      Newly-discovered evidence which proves that the $100 bill
>    recovered from petitioner during the search was not taken from the victim,
>    but rather petitioner received the $100 bill as payment for working for his
>    uncle.

R&R (Doc. No. 13), pp. 2-3.

The government responded to Mr. Felt's petition on August 9, 2007 (Doc. No. 8), and Petitioner replied to the government's response on September 10, 2007 (Doc. No. 1). As noted above, Magistrate Judge Caracappa filed her R&R (Doc. No. 13) on December 20, 2007, and Petitioner filed his Objections to the R&R (Doc. No. 14) on January 4, 2008.

**III.    Parties' Contentions**

    **A.    Summary of Magistrate Judge's Report and Recommendations**

The R&R found that all of Petitioner's Claims, noted above, were procedurally defaulted. According to the R&R, Claim 1 was defaulted because Petitioner failed to raise trial counsel's ineffectiveness in the Superior Court appeal.[1] Claims 2 and 3 were defaulted because Petitioner never raised them in the PCRA court or the Superior Court. Claim 4 was defaulted because Petitioner inadequately raised it in his Superior Court brief: he failed to raise the claim in the statement of questions but only raised it in the argument section, and Pennsylvania Rule of Appellate Procedure 2116(a) requires all issues to be set forth in the statement of questions.

According to the R&R, Claims 5 and 6 were procedurally defaulted because Petitioner

---

[1] For purposes of this memorandum, each reference to an appeal to the Superior Court is a reference to the Superior Court's review of the PCRA Court's determination. As previously noted, Petitioner did not directly appeal his conviction.

failed to raise them in his state court appeals, and only did so in a recently filed PCRA petition that is time-barred. The R&R rejected Petitioner's argument of cause for the default, determining the evidence Petitioner relies on to excuse his untimeliness was not newly discovered. Magistrate Judge Caracappa denied Petitioner's request for a "stay and abeyance" because Petitioner did not have a mixed petition (unexhausted and exhausted claims), but only had unexhausted claims.

The R&R concluded that Petitioner failed to demonstrate cause for the procedural default or prejudice resulting from the default, and did not show that failing to consider the claims would result in a fundamental miscarriage of justice.

### B. Petitioner's Objections

Petitioner objects to the R&R on several grounds. First, Petitioner argues that Claims 1, 2 and 3 are not procedurally defaulted because Petitioner raised each respective claim to the Superior Court when he raised the issue of PCRA counsel ineffectiveness, and the Superior Court addressed each claim.

Petitioner then disputes Magistrate Judge Caracappa's finding that Claim 4 was defaulted because Petitioner failed to raise it in the statement of questions of his Superior Court brief. As stated earlier, Pennsylvania Rule of Appellate Procedure 2116(a) requires all issues to be set forth in the statement of questions. While Petitioner does not name the specific rule, he argues that the rule is not an adequate and independent ground to bar federal review because it has not been consistently and principally applied. Petitioner also states the Superior Court addressed the claim.

Next, Petitioner reiterates Claims 5 and 6 and argues his default on these claims should

be excused. Petitioner claims the deprivation of counsel and newly discovered evidence demonstrate a constitutional violation. Petitioner asks this Court to withhold its judgment of these two claims until the PCRA court considers Petitioner's recently filed PCRA petition. Petitioner contends that these claims are actually unexhausted and repeats his request for abeyance.

Petitioner asks this Court for an evidentiary hearing on each claim or an invalidation of his conviction and a discharge with prejudice.

## IV.  Discussion

### A.  Standards of Review

#### 1.  General

In ruling on objections to the R&R of a United States Magistrate Judge, this Court reviews *de novo* only the findings of the R & R that Petitioner specifically objects to. 28 U.S.C. § 636(b)(1). See also Fed.R.Civ.P. 72.

#### 2.  Claims Properly Raised in State Court

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant habeas relief "with respect to any claim that was adjudicated on the merits in State court proceedings" only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision is "contrary to clearly established Federal law" if the state court "arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law," or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at [an opposite] result." Williams v. Taylor, 529 U.S. 362, 405 (2000). A federal court may grant habeas relief under the "unreasonable application" clause of § 2254(d)(1) if the "state court correctly identifies the governing legal principle from [Supreme Court] decisions but unreasonably applies it to the facts of the particular case." Bell v. Cone, 535 U.S. 685, 694 (2002) (citing Williams, 529 U.S. at 407-08). An objectively unreasonable application differs from an incorrect one, and only the former warrants habeas relief. Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

With regard to factual determinations, a federal habeas court must presume state court findings of fact are correct. 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only by clear and convincing evidence. Id. Under § 2254(d)(2), a federal court may grant relief if the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

If the state court has adjudicated a claim on its merits, we consider the claim under AEDPA's deferential standard of review. On the other hand, if Petitioner fairly presented a claim to the state court (i.e., exhausted it), but the state court completely failed to address it, or refused to consider it because of an inadequate procedural bar, we review the claim de novo. Jacobs v. Horn, 395 F.3d 92, 100 (3d Cir. 2005) ("In cases where the AEDPA standards of review do not apply, federal habeas courts apply pre-AEDPA standards of review."); Holloway v.

Horn, 355 F.3d 707, 718 (3d Cir. 2004) (reviewing a claim de novo because Petitioner presented it to the Pennsylvania Supreme Court, but the court "failed to even mention" it).

### 3. Procedurally Defaulted Claims

In general, if the state court did not consider a claim because the prisoner did not raise it, it is considered procedurally defaulted and a federal court may not review it. See 28 U.S.C. § 2254(b)(1)(A). Under controlling case law, a federal court can only consider procedurally defaulted claims if "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991); McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999). The court in McCandless also explained:

> As a general rule, federal courts may exercise the power to consider habeas applications only where "it appears that the applicant has exhausted the remedies available in the courts of the State." The exhaustion rule requires applicants to "fairly present" federal claims to state courts before bringing them in federal court. When a claim is not exhausted because it has not been "fairly presented" to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is "an absence of available State corrective process." In such cases, however, applicants are considered to have procedurally defaulted their claims and federal courts may not consider the merits of such claims unless the applicant establishes "cause and prejudice" or a "fundamental miscarriage of justice" to excuse his or her default.

Id.

It is well-established that to show cause, a petitioner must demonstrate that an "objective factor external to the defense impeded [the] efforts to comply with the State's procedural rule." Id. at 753; Murray v. Carrier, 477 U.S. 478, 488 (1987); Sistrunk v. Vaughn, 96 F.3d 666, 675

(3d Cir. 1996). Meanwhile, to establish prejudice, the petitioner must show that the error "worked to [his] *actual* and substantial disadvantage." United States v. Frady, 456 U.S. 152, 170 (1982) (emphasis in original). Alternatively, procedurally defaulted claims are subject to federal review if the petitioner can demonstrate that failure to consider these claims would result in a fundamental miscarriage of justice. This second exception requires the petitioner to show that "it is more likely than not that no reasonable juror would have convicted him" in light of reliable, new evidence not offered at trial, thereby establishing "actual innocence." Calderon v. Thompson, 523 U.S. 538, 559 (1998); Schlup v. Delo, 513 U.S. 298, 324 (1995).

### 4. Ineffective Assistance of Counsel Claims

In order to establish a claim of ineffectiveness, a petitioner must show that counsel's performance was deficient, and the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668 (1984). Counsel's performance is deficient only if it "fell below an objective standard of reasonableness." Id. at 688. In assessing counsel's performance, a court must begin with the presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. Even if Petitioner establishes that counsel's conduct was "professionally unreasonable," the Sixth Amendment is not violated unless there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A "reasonable probability" is one that is "sufficient to undermine confidence in the outcome" of the trial. Id.

B.   **Objections to the R&R**

1.   **Objection #1[2]**

As noted above, Petitioner claims that he was denied effective assistance of trial counsel because his trial counsel did not move to suppress identification testimony and failed to challenge the statement of probable cause leading to Petitioner's arrest. The R&R concluded that this claim was procedurally defaulted because Petitioner did not raise it on appeal to the Superior Court. Petitioner objects, stating that the Superior Court in fact did review his claim of trial counsel ineffectiveness, citing to language where the Superior Court stated that "as we find that as the underlying claim in the ineffective assistance of trial counsel claim was meritless, PCRA counsel and the PCRA court did not err or abuse their discretion in not pursuing this claim." Superior Court Opinion, Doc. No. 8, Exh. C, p. 9.

The Court agrees with the R&R's conclusion. According to the Superior Court, the Petitioner presented three issues for review on the appeal of the PCRA Court's ruling, and each issue involved the effectiveness of PCRA counsel, not of trial counsel. See Superior Court Opinion, Doc. No. 8, Exh. C, p. 4. To fully exhaust a claim, a petitioner must "use the State's established appellate procedures before he presents his claims to a federal court," O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Despite the Superior Court's language, the record indicates that Petitioner did not raise claims of trial court ineffectiveness to the Superior Court, but only

---

[2] Because the Petitioner has maintained the order set forth in the R&R, and because Petitioner objects to the way the R&R treats each of his six habeas claims, the objection number corresponds to the number of the habeas claim. In other words, Objection #1 objects to the way the R&R treats Petitioner's first habeas claim, and Objection #2 objects to the way the R&R treats Petitioner's second habeas claim, etc.

raised claims of PCRA counsel ineffectiveness.  "The [exhaustion] requirement is not a mere formality."  Gibson vs. Scheidemantel, 805 F.2d 135, 138 (3d Cir.1986).  The requirement "should be strictly adhered to because it expresses respect for our dual judicial system and concern for harmonious relations between the two adjudicatory institutions," and, in so doing, "properly acknowledges that state courts, no less than federal courts, are bound to safeguard the constitutional rights of state criminal defendants."  Landano v. Rafferty, 897 F.2d 661, 668 (3d Cir.), cert. denied, 498 U.S. 811 (1990).  Petitioner's first claim is procedurally defaulted because he did not raise it to the Superior Court.

### 2. Objection #2

Second, Petitioner objects to the R&R's determination that his second claim was procedurally defaulted.  Petitioner's second claim is actually two-fold, that the trial court violated his confrontation clause rights by admitting a cell phone into evidence through an officer who did not recover the phone, and that trial counsel was ineffective for failing to object to the cell phone's admission.  The first part of this claim is not an ineffective assistance of counsel claim, and it thus became procedurally defaulted when Petitioner did not appeal his conviction.  See Reed v. v. Farley, 512 U.S. 339, 354 (1994).

As to the second part of Petitioner's claim, the Court agrees with the R&R and finds the claim procedurally defaulted.[3]  As discussed above, Petitioner only raised claims of ineffective assistance of PCRA counsel to the Superior Court.  He did not raise claims of ineffective trial

---

[3] The second part of Petitioner's claim is the part asserting ineffective assistance of counsel.  The failure to raise an ineffective assistance of counsel claim on direct appeal is not treated as a procedural default.  See U.S. v. Derewal, 10 F.3d 100, 103 (3d Cir.1993).

counsel to the Superior Court, and they were thus not properly exhausted.

### 3.     Objection #3

Petitioner's third objection is roughly similar to his first. Petitioner essentially argues that because the Superior Court opinion mentions trial counsel ineffectiveness, his claim is not procedurally defaulted. The Court disagrees. As discussed above, the exhaustion requirement is not to be taken lightly, but rather enforced strictly. It was Petitioner's obligation to raise his third claim of trial counsel ineffectiveness to the Superior Court; Petitioner did not do so; consequently, the claim is procedurally defaulted.

### 4.     Objection #4

As to Petitioner's fourth claim, that trial counsel was ineffective for advising him to plead guilty to carrying a firearm without a license, the R&R also concluded that the claim was procedurally defaulted, and the Petitioner also objects to that conclusion. The R&R determined that because Petitioner failed to present this claim to the PCRA court and only presented it to the Superior Court in his brief (not in the statement of questions, as required by Pennsylvania Rule of Appellate Procedure 2116), the claim is procedurally defaulted.

To be properly exhausted, claims must be fairly presented once at every level of the complete appeals process of the state court system. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Petitioner's claim is defaulted because he did not raise it to the PCRA court and to the Superior Court in the manner required by Pennsylvania Rule of Appellate Procedure 2116.

     **5.     Objections #5 and #6[4]**

The R&R concluded that Petitioner's fifth and sixth claim were procedurally defaulted and that Petitioner's purported cause for the default was without merit. Petitioner objects, arguing that each of the several ineffective assistance of trial counsel claims that form Claim 5 is the "substantial equivalent" of a claim raised and addressed in state court and that his claim of newly discovered evidence (Claim 6) is a mixed petition that should be held in abeyance while Petitioner's recently-filed PCRA claim goes forward.

As discussed above, the claims that Petitioner raised in the Superior Court appeal were all ineffective PCRA counsel claims, which are not equivalent to ineffective trial counsel claims. Claim 5 is procedurally defaulted because it was never raised in the state courts.

Claim 6, regarding the $100 bill found on Petitioner and considered stolen from the victim, was also never raised in the state courts, and is therefore defaulted. Petitioner asserts his default should be excused because he has a newly discovered receipt from his uncle to prove that the $100 was not stolen but in fact payment from his uncle. However, Petitioner had the opportunity to argue that the $100 was payment from his uncle at trial, without the benefit of a receipt, and he did not do so. The fact that a receipt is now purportedly available does not excuse Petitioner from his failure to raise the argument in his state court proceedings. The claim is defaulted; Petitioner has not illustrated that it is a "mixed" claim, and it therefore will not be held in abeyance.

---

[4] The R&R treats Claims 5 and 6 together; Petitioner objects to the R&R's treatment of Claims 5 and 6 together; consequently, the Court addresses Claims 5 and 6 together as well.

## V.       Conclusion

For the reasons stated above, this Court adopts the R&R and denies Petitioner's Petition for Writ of Habeas Corpus.  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DATRIN FELTS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| FRANKLIN TENNIS, et al. | : | No. 07-2035 |

**ORDER**

And NOW, this 30th day of July, 2008, for the reasons set forth above, it is hereby ORDERED that:

1. the Report and Recommendation of Magistrate Judge Linda K. Caracappa dated December 19, 2007 (Doc. No. 13) is APPROVED and ADOPTED;

2. the Petition for Writ of Habeas Corpus (Doc. No. 1) is DENIED with prejudice and DISMISSED without an evidentiary hearing; and

3. there is no probable cause to issue a certificate of appealability.

BY THE COURT:

  s/Michael M. Baylson

Michael M. Baylson, U.S.D.J.

O:\Kathy\07-2035 Felts v. Tennis\Memo re Objections to R&R.wpd