IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DATRIN FELTS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| FRANKLIN TENNIS, et al. | : | No. 07-2035 |

**MEMORANDUM and ORDER**

**Baylson, J.**                                                                                              **March 23, 2009**

      Pending before the Court is Plaintiff's Motion to Amend Habeas Corpus Petition to Include Newly-Exhausted Claims (Doc. No. 18). This Court denied Plaintiff's Petition for Writ of Habeas Corpus on July 31, 2008 (Doc. No. 15). Plaintiff now seeks to amend two claims in his previously-dismissed Petition based on a December 31, 2008 decision by the Pennsylvania Superior Court dismissing Plaintiff's second PCRA petition, which Plaintiff argues makes these claims newly-exhausted. The Superior Court ruled that the PCRA court did not have jurisdiction to address Plaintiff's new claims since the petition was untimely and no exceptions to the time bar applied.

      Plaintiff seeks to amend a complaint that has already reached a final judgment. Post-judgment motions to amend are re-characterized as motions to alter or amend judgment or relief from judgment. "[W]e are free to recharacterize the motion to amend to match the substance of the relief requested." <u>Ahmed v. Dragovich</u>, 297 F.3d 201, 208 (3d Cir. 2002) (recharacterizing a post-judgment motion to amend as a Rule 59(e) or Rule 60 motion); see also <u>Garland v. Malinich</u>, 181 Fed.Appx. 276, 277-278 (3d Cir. 2006). In the instant case, Plaintiff's Motion is most akin to a Rule 60(b) motion, since he asserts newly-acquired evidence.

This Court previously considered the two claims that Plaintiff now argues are newly-exhausted in its denial of Plaintiff's Petition. The two claims are (1) constructive denial of trial counsel (Claim 5 in the Petition) and (2) newly-discovered evidence (Claim 6 in the Petition). This Court concluded at that time that the claims were procedurally defaulted because they were never raised in state court and Petitioner's cause for the default was without merit. See Felts v. Tennis, 2008 WL 2954660, at *6 (E.D. Pa. 2008). This Court also disagreed with Plaintiff's argument that his Petition was a "mixed" claim of exhausted and unexhausted claims and therefore declined to hold the habeas petition in abeyance pending the outcome of his PCRA claim. The Superior Court's recent ruling on these claims affirms that Plaintiff's second PCRA petition was time barred and therefore the claims raised were procedurally defaulted.

Because Plaintiff is asking this Court to reconsider arguments that it previously considered in deciding Plaintiff's habeas petition, Plaintiff is bringing a second or successive petition, which violates 28 U.S.C. § 2244(b). In U.S. v. Hill, Judge Yohn considered a motion to amend a final decision of a federal prisoner's habeas petition and stated, "[a] prisoner may not circumvent this requirement [the procedures for filing second or successive petitions] by presenting a successive § 2255 habeas motion in the clothes of an amendment to the first." 2005 WL 1126952, at *2 (E.D. Pa. 2005) (citing Burris v. Parke, 130 F.3d 782, 783-84 (7th Cir. 1997) (stating that Rule 60(b) motions are second or successive petitions for purposes of § 2244(b)). See also Pettijohn v. Green, 246 Fed.Appx. 171, 172 (3d Cir. 2007) (affirming a district court's denial of a Rule 60(b) motion because it constituted a second or successive petition). Because Plaintiff has not sought authorization from the Third Circuit for this Court to consider a second or successive petition under 28 U.S.C. § 2244(b)(3), his Motion to Amend must be denied because this Court has no jurisdiction. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DATRIN FELTS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| FRANKLIN TENNIS, et al. | : | No. 07-2035 |

**ORDER**

And NOW, this _____ day of March, 2009, for the reasons set forth above, it is hereby ORDERED that Plaintiff's Motion to Amend (Doc. No. 18) is DENIED.

BY THE COURT:

 /S/ Michael M. Baylson 

Michael M. Baylson, U.S.D.J.

A:\Order re Mot to Amend.wpd